IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| ZIMMERMAN AG AND CATTLE COMPANY, LLC, | ) | CV 11-29-BLG-RFC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING |
| | ) | ZIMMERMAN'S MOTION FOR |
| | ) | SUMMARY JUDGMENT |
| vs. | ) | |
| | ) | |
| AGRO NATIONAL, LLC, and STONINGTON INSURANCE COMPANY, | ) | |
| | ) | |
| Respondents. | ) | |
| --------------------------------------------------------- | ) | |

## I.   INTRODUCTION

Petitioner Zimmerman Ag and Cattle Co., LLC, filed this action in

Montana's Tenth Judicial District Court, Petroleum County, to confirm an

arbitration award in its favor.  Respondents Agro National, LLC, and Stonington

Insurance Co. subsequently removed to this Court.  At the preliminary pretrial

conference, the parties agreed that this case would be resolved on a motion for

summary judgment.  The sole issue raised by Zimmerman's motion is whether the

arbitrator exceeded his powers by denying Respondents' Motion to Dismiss.

## II.     FACTUAL BACKGROUND

Zimmerman Ag and Cattle Co., LLC is a wheat farming and ranching corporation located near Winnett, in Petroleum County, Montana.  Agro National, Inc. is an authorized agent and underwriter of Stonington Insurance Company, which issued crop insurance to Zimmerman for the 2008 crop year.  The crop insurance policy is a Revenue Assurance Policy reinsured by the Federal Crop Insurance Corporation under authority of § 508(h) of the Federal Crop Insurance Act, 7 U.S.C. § 1508(h).

The wet Spring of 2008 resulted in a partial loss for Zimmerman's wheat crop, so it sought indemnification under its crop insurance policy due to "adverse weather conditions."  On November 20, 2008, Agro wrote Zimmerman claiming it had not provided an insurance cause of loss for 355.3 irrigated acres between July 27, 2008 and harvest and therefore indemnity would be processed on the July 27, 2008 appraisal of 23 bushels per acre rather than the 16.1 bushels per acre that was actually harvested.

On December 9, 2008, Zimmerman wrote Agro thanking them for paying the undisputed amount of the claim, but asking for an "immediate arbitration hearing or mediation to settle this matter."  Over the next year, the parties

exchanged letters addressing whether mediation was required before arbitration, whether mediation would be an appropriate vehicle for resolving the dispute, who should initiate the arbitration proceedings, choice of arbitrator, and whether Zimmerman could provide or had provided evidence its crop had suffered an insured cause of loss.  Agro was never satisfied that Zimmerman had suffered an insurable loss beyond what it had already paid, so Zimmerman filed for arbitration with American Arbitration Association ("AAA") on March 8, 2010.

Arbitration was held on August 3, 2010.  The arbitrator first heard argument on a motion to dismiss filed by Respondents and then heard testimony on the merits of Zimmerman's claim.  On August 30, 2010, the arbitrator issued his decision, denying Respondent's motion to dismiss and concluding that Respondents's breached the crop insurance policy.  Zimmerman was awarded $21,078.60, plus interest.

## III.   ANALYSIS

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c)(2).  In this case, the material facts are not in dispute and the court is presented with a pure question of law–whether the arbitrator erred in

denying Respondents' motion to dismiss.

Since broad judicial review of arbitration awards would undermine the speed and informality of arbitration, Judicial review of arbitration awards is highly deferential. *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007); *Johnson v. Wells Fargo Home Mortg., Inc.,* 635 F.3d 401, 141 (9th Cir. 2011). The limited grounds for vacatur are specified in section 10 the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. Here, Respondents cite § 10(a)(4), providing for the vacation of an arbitration award "where the arbitrators exceeded their powers ..." Judicial decisions have interpreted § 10(a)(4) as allowing district courts to vacate an arbitration award where the arbitrator "demonstrated a manifest disregard for law." *Johnson,* 635 F.3d at 414.

In order to prove an arbitrator demonstrated a manifest disregard for the law, there must be more than a "mere error in the law or failure on the part of the arbitrators to understand and apply the law." *Collins,* 505 F.3d at 879, *quoting San Martine Compania De Navegacion, S.A. v. Saguenay Terminals Ltd.*, 293 F.2d 796, 801 (9th Cir.1961). An erroneous interpretation of the law is not enough, Respondents must show the arbitrator understood and correctly stated the law, but disregarded it. *Id.* Finally, the law allegedly ignored by the arbitrator must be well-defined, explicit, and clearly applicable. *Id., citing Carter v. Health Net of*

*California, Inc.,* 374 F.3d 830, 838 (9th Cir. 2004).

Here, the arbitrator concluded that Zimmerman's December 8, 2009 letter

seeking "immediate arbitration" constituted "[t]he initiation of arbitration

proceedings" that the USDA crop insurance regulations mandate within one year

of the date the claim is denied.  The arbitrator also reviewed correspondence

between the parties following the December 8, 2009 letter and concluded that

Zimmerman was "actively trying to set up an arbitration and

[Respondent] certainly knew that."  The arbitrator concluded "it would be

extremely technical and highly prejudicial to [Zimmerman] to rule, under these

facts, that the substance of his claim cannot be presented to an arbitrator."

Respondents argue that in concluding Zimmerman had "initiated

arbitration" via the December 9, 2008 letter, the arbitrator ignored AAA

Commercial Arbitration Rule R-4:

> R-4. Initiation under an Arbitration Provision in a Contract

> (a) Arbitration under an arbitration provision in a contract shall be
> initiated in the following manner:

> (i) The initiating party (the "claimant") shall, within the time period,
> if any, specified in the contract(s), give to the other party (the
> "respondent") written notice of its intention to arbitrate (the
> "demand"), which demand shall contain a statement setting forth the
> nature of the dispute, the names and addresses of all other parties, the
> amount involved, if any, the remedy sought, and the hearing locale

requested.

(ii) The claimant shall file at any office of the AAA two copies of the demand and two copies of the arbitration provisions of the contract, together with the appropriate filing fee as provided in the schedule included with these rules.

(iii) The AAA shall confirm notice of such filing to the parties.

According to Respondents, Rule R-4 provides that the initiation of the arbitration agreement is the time when the arbitration was filed with the AAA, not just when the claimant notifies the respondent of its intention to arbitrate.

Although Respondents' interpretation of Rule R-4 is  reasonable, it is not clear from the record that the arbitrator recognized this rule and then ignored it. *See Comedy Club, Inc. v. Improv West Assocs.,* 553 F.3d 1277, 1290 (9th Cir. 2009).  Not only is there no mention of Rule R-4 in the arbitrator's decision, *doc. 18-1,* but Respondents did not cite Rule R-4 in their motion to dismiss.  *Doc. 4-1.* Viewed from the perspective most favorable to Respondents, the most that can be said is that the arbitrator applied the wrong law.  In light of the highly deferential standard with which federal district courts are required to review arbitration awards, a mere error in law is insufficient.

///

## IV. ORDER

Accordingly, **IT IS HEREBY ORDERED** that Zimmerman's Motion for Summary Judgment (*doc. 15*) is **GRANTED:** the arbitrator's award (*doc. 4-1*) is confirmed.

The Clerk of Court shall notify the parties of the entry of this Order, enter judgment in favor of Zimmerman and against Respondents, and close this case.

Dated this 7th day of November, 2011.

/s/ Richard F. Cebull_____
Richard F. Cebull
United States District Judge